UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

The Trustees of the Minnesota State Basic Building Trades Fringe Benefit Funds,

Plaintiffs,

vs.

SCANDY CONCRETE, INC., a Minnesota corporation, and James M. Kauth,

Defendants.

Civil No. 02-355 (RHK/JMM)

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER**

---

Rosene, Haugrud & Staab, Chartered, by Andrew E. Staab, Esq., of St. Paul, Minnesota, appeared for Plaintiffs.

No appearance was made for Co-Defendant James M. Kauth.

---

This matter came on for hearing before the Court on May 21, 2002, on Plaintiffs' Motion for entry of the default of Co-Defendant James M. Kauth, for default judgment, and for an Injunction.

Upon all the files, records and proceedings herein, the Court makes the following:

**FINDINGS OF FACT**

1. Co-Defendant James M. Kauth was served with the Summons and Complaint in the present action on March 5, 2002.

2. That Co-Defendant James M. Kauth is neither an infant nor an incompetent person.

FILED MAY 21 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ________
DEPUTY CLERK ________

3. That Co-Defendant James M. Kauth has failed to answer, or otherwise defend, and is in default.

4. Defendants are signatories to the following Collective Bargaining Agreements:

a. between the Associated General Contractors of Minnesota ("AGCM"), the Minnesota Concrete and Masonry Contractors Association ("MCMCA"), and the Bricklayers and Allied Craftworkers Union Local No. 1 of Minnesota ("Bricklayers Agreement").

b. between the AGCM, MCMCA, and the Minnesota Cement Masons, Plasterers and Shophands Local No. 633 ("Cement Masons Agreement").

c. between the AGCM, the MCMCA, and the Laborers District Council of Minnesota and North Dakota.

5. That Co-Defendant SCANDY CONCRETE, INC. filed a petition for bankruptcy relief into the U.S. Bankruptcy Court, District of Minnesota, under Chapter 7 of the U.S. Bankruptcy Code, Bankruptcy Case No. 02-40496-RJK.

6. That by virtue of Co-Defendant SCANDY CONCRETE, INC.'s bankruptcy filing, Plaintiffs are stayed under 11 U.S.C. § 362 from proceeding against Co-Defendant SCANDY CONCRETE, INC.

7. That Co-Defendant James M. Kauth, as signator to the Bricklayers and Cement Masons Agreements, is personally obligated to the terms and conditions of the Bricklayers and Cement Masons Agreements.

8. That Plaintiffs face irreparable harm from Co-Defendant James M. Kauth's delinquency because they have a continuing obligation to provide benefits regardless of whether Plaintiffs receive the fringe benefit contribution payments.

9. Pursuant to the above-referenced Bricklayers and Cement Masons Agreements, Co-Defendant James M. Kauth is obligated to submit to Plaintiffs' Third-Party Administrator ("TPA") monthly fringe benefit contribution Report Forms indicating the fringe benefit contribution payment amounts due for the prior month.

10. That Plaintiffs' continuing harm outweighs any prejudice to Co-Defendant James M. Kauth resulting from the issuance of an Injunction.

11. Plaintiffs' TPA conducts periodic fringe benefit compliance audits to determine the veracity of employer monthly reporting of fringe benefit contribution payments.

12. That Plaintiffs have no adequate remedy at law as a result of their continuing obligation to provide such benefits.

13. That issuing an Injunction will serve the public interest by protecting employees, pursuant to the Collective Bargaining Agreements, and ERISA.

Based on its review, the Court reaches the following:

**CONCLUSIONS OF LAW**

1. That Plaintiffs' Motion for entry of the default of the Co-Defendant James M. Kauth pursuant to Rule 55 of the Federal Rules of Civil Procedure is granted.

2. That Plaintiffs are entitled to an Injunction in the form of the separately attached Injunction.

3. That Plaintiffs are required to provide security in seeking injunctive relief pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, and the Court determines

that Co-Defendant James M. Kauth could incur costs and damages in the amount of $600.00 if he will have been wrongfully enjoined by the requested Injunction.

Based on the foregoing, **IT IS HEREBY ORDERED:**

**ORDER**

1. That Co-Defendant James M. Kauth is in default, and Plaintiffs are entitled to judgment against Co-Defendant James M. Kauth, for delinquent fringe benefit contribution payments, liquidated damages, interest, audit fees, attorney fees, and costs.

2. Plaintiffs' Motion for injunctive relief is granted under the terms set forth in the attached Injunction, and Plaintiffs are required to provide security under Federal Rule 65(c) in the amount of $600.00.

3. Upon completion of the fringe benefit compliance audit of Defendants' books and records, Plaintiffs' attorney shall file an affidavit stating the amount of delinquent fringe benefit contributions, interest, liquidated damages, and audit fees. Upon the Court's approval of Plaintiffs' attorney's affidavit, the Clerk of Court shall enter judgment against Co-Defendant James M. Kauth, in the amount stated in the affidavit.

Dated: May 21, 2002

RICHARD H. KYLE
United States District Judge